IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CRIMINAL INDICTMENT |
| v. | : | NO. 1:10-CR-00492-TWT -ECS-1 |
| | : | |
| GREGORY JACKSON, | : | |
| | : | |
| Defendant. | : | |

### Sentencing Memorandum in Support of a Reasonable Sentence

Defendant Gregory Jackson, through undersigned counsel, herby submits this memorandum in support of his request for the imposition of a sentence, below the Custody Guideline Range. In support of this request the defendant shows the following:

Mr. Jackson entered a negotiated plea to a single count of theft of government money in violation of 18 U.S.C §641.  Upon being advised of the existence of an indictment and warrant for his arrest, Mr. Jackson flew from his residence in Arizona and turned himself in to federal agents in Atlanta.  Mr. Jackson was released on bond and has remained working and living at his residence, without incident during the pendency of this case.

Mr. Jackson does not dispute the essential facts set out in the Presentencing Report summarizing the offense conducted.  He would however, in mitigation of his crime, point out that it was not his intention to defraud the government when he initially contracted for the sale of the cups in questions.  Through a serious of problems and setbacks with Mr. Jackson's company and the original supplier, Mr. Jackson was unable to perform on the contract.  He utilized most of the funds received in payment from the government, to keep his business afloat in a difficult economic period in his business. While it was his intent and desire to perform on the contract, he

1

was unable to do so. To compound his problem, he put himself in a situation where he was unable to refund the payments provided him for the undelivered cups. Mr. Jackson realizes his actions constituted a theft against the government and does not offer the preceding as an excuse or defense against his criminal actions.

However, Mr. Jackson has, and is involved in legitimate business activities that bear no similarity to the criminal conduct for which he stands convicted.

Mr. Jackson is currently a part owner of a company (Lundy Logistics) that is approximately one year old. His company provides delivery services to a national supply distributor. Currently operating in the D.C. area, supplies are delivered to various national chains, including Applebee's, Hard Rock Café, and Panera Bread. Various restaurant- related supplies are delivered to the St. Regis, Hilton, and Hyatt Hotels. Mr. Jackson's company leases 10 box trucks and on average, employees 12 or more employees to make the deliveries. The average pay range of these individuals is $25,000.00 to $30,000.00 a year. This business is in the process of expanding to the Atlanta, Georgia and Ft. Meyers, Florida area.

In Chattanooga, Tennessee, Lehigh Valley, Pennsylvania, Muncie, Indiana, and Southern Maryland the business has small operations involving 163 trucks and several employees picking up and delivering mail and packages at U.S. Postal Services Processing and Distribution Centers to rural postal facilities.

The current annual revenue is approximately 1.2 million dollars. Based on current performance and anticipated growth, the business could make more than double its gross revenue by the end of next year. Because the business is relatively new, Mr. Jackson's gross compensation, from the business is between $5,000.00 to $6,000.00 a month. Based on his current income he could make restitution payments of $1,000.00 to $2,000.00 a month. Based

on anticipated growth, Mr. Jackson believes he could double the amount of restitutionary payment by the end of next year.

Although Mr. Jackson has a partner in this business, this individual is not capable of maintaining the business in Mr. Jackson's absence.  If Mr. Jackson is not available and is unable to participate in the daily operation of the company the business will quickly go out of business, with attendant loss of employment of the various drivers and others employed by Lundy Logistics.

While the inability to travel, if on home confinement or community confinement, would inhibit some of the management activities engaged in by Mr. Jackson, he believes, he could hold the company together, in spite of any travel restrictions.  If incarcerated he will lose the business and will likely be able to make only token payments towards the amount owed the United States.

The Defendant seeks a sentence that will permit him to continue to work and keep his business operational.  If Mr., Jackson is imprisoned for any significant duration, his business will close and approximately two dozen people will lose their jobs.  The other operating partner is unable to keep the business operating in Mr. Jackson's absence.

Secondly, Mr. Jackson's ability to make meaningful financial contributions to the restitution he owes the government will be severely impacted if he loses the business.  If allowed to continue to work within a home confinement or community confinement setting, Mr. Jackson can make monthly contributions toward restitution.  If incarcerated, Mr. Jackson's ability to find employment that will facilitate more than token payments, will be extremely difficult in the current job market.

<u>Reasonable Sentence</u>

Counsel will not expend significant time and effort in reviewing the criteria and factors listed in Title 18 U.S.C. § 3553, as this Court is undoubtedly reminded of them on a weekly basis.

In regard to the nature and circumstance of the offense and the history and character of the defendant, this case was not a fraud or theft case in the traditional sense. There was a legitimate contract, with a real entity whose original purpose and intent was lawful. The defendant failed to perform and did not refund the money paid for products he failed to deliver. Mr. Jackson operated a business lawfully before this criminal conduct and has lawfully operated a business subsequent to this conduct, up to and including the present. This conduct was aberrational and thus, punishment should be consistent with this important distinction.

Similarly, the need to deter is best addressed by the same fact: Mr. Jackson is capable of operating a business in a lawful manner. He knows what he did wrong to put himself in his current position. Incarceration is not needed as a specific learning experience.

Based on the above-stated considerations, as well as the lack of a criminal record, suggest Mr. Jackson is unlikely to commit further crimes. The public would be adequately protected with a reasonable sentence as sought in this case.

In terms of the kinds of sentence and sentencing range established by the Guidelines, the application of a relatively small variance from the current Guideline Range would enable the Court to impose a supervisory period to insure compliance with the law and payment of restitution, coupled with some additional form of punishment with home confinement, community confinement, or some combination of both.

Although already addressed, §3553 specifically addresses the need to provide restitution to the victim. While restitution can and is imposed after a term of imprisonment, in this case the prospects of significant restitution is greatly enhanced with the imposition of some alternative form of incarceration is suggested.

The type of sentence urged upon this court would be sufficient to satisfy the sentencing criteria set out in § 3553, and would not be greater than necessary to meet those aims.

Respectfully submitted,

*s/Lawrence J. Zimmerman*
Lawrence J. Zimmerman
Georgia Bar No. 785198
Attorney for Defendant

1800 Peachtree Street, N.W.
Suite 300
Atlanta, Georgia 30309
(404) 351-3000

*s/ Michael J. Trost*
Michael J. Trost
Georgia Bar No. 716685
Attorney for Defendant

1800 Peachtree Street, NW
Suite 300
Atlanta, Georgia 30309
(404) 352-9300

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CRIMINAL INDICTMENT** |
| v. | : | **NO. 1:10-CR-00492-TWT -ECS-1** |
| | : | |
| **GREGORY JACKSON,** | : | |
| | : | |
| **Defendant.** | : | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the following *Sentencing Memorandum in Support of a Reasonable Sentence* upon counsel using the ECF filing system which will automatically send e-mail notification of such filing to opposing counsel, **Stephen H. McClain**.

This the 4th day of August, 2011.

              Respectfully submitted,

              *s/Lawrence J. Zimmerman*
              Lawrence J. Zimmerman
              Georgia Bar No. 785198
              Attorney for Defendant

1800 Peachtree Street, N.W.
Suite 300
Atlanta, Georgia 30309
(404) 351-3000